IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WAYNE ROLAND, | No. 4:25-CV-01307 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WAYNE COUNTY PRISON, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

SEPTEMBER 23, 2025

Plaintiff Daniel Wayne Roland filed the instant *pro se* civil rights lawsuit under Section 1983,[1] claiming that prison officials at Wayne County Prison violated his constitutional rights. From the face Roland's pleading, it appears that he has already litigated identical claims in state court, and thus his federal lawsuit would be barred by *res judicata*. The Court will therefore require Roland to show cause why the instant complaint should not be dismissed on that basis.

**I.      BACKGROUND**

Roland lodged the instant complaint in July 2025 while incarcerated at SCI Phoenix, eventually paying the initial partial filing fee approximately one month

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

later.[2]  It appears that Roland is no longer incarcerated and resides in Lemoyne, Pennsylvania.[3]

Roland alleges that, beginning in January 2024 and continuing through March of that year, his constitutional rights were violated by various Wayne County Prison officials.  He first alleges that on two occasions in January, he was issued misconducts for "minor" offenses and that his Fourteenth Amendment procedural due process rights were violated during the prison disciplinary process for both misconducts.[4]  He further alleges that the conditions he endured during his disciplinary segregation violated his Eighth Amendment right to be free from cruel and unusual punishments.[5]  Finally, Roland claims that prison officials failed to protect him from an inmate assault in March 2024, also in violation of the Eighth Amendment, before transferring him to Luzerne County Prison.[6]

Roland sues the following eight defendants: Wayne County Prison, Wayne County Prison Board, Warden Randall Williams, Deputy Warden John Masco, Lieutenant Paul Soccodato, Sergeant Huffman, Acting Sergeant Jaycox, and Correctional Officer Carney.[7]

---

[2]  See Doc. 1.
[3]  See Doc. 9.
[4]  Doc. 1 at 4-5.
[5]  Id. at 6-7.
[6]  Id. at 7-8.
[7]  Id. at 2-3.

2

Notably, Roland explicitly asserts that he "filed a lawsuit in the state courts dealing with the same facts involved in this action" in August 2024.[8] He recounts that he sued Wayne County Prison, Wayne County Prison Board, Warden Randall Williams, Deputy Warden John Masco, Lieutenant Dixon, and Correctional Officer Carney in the Court of Common Pleas of Wayne County, Pennsylvania, at docket number 419-CV-2024.[9] He further states that the case was dismissed on November 1, 2024, based on Defendants' preliminary objections in the nature of a demurrer.[10] He asserts that he sought "reconsideration" from the Commonwealth Court of Pennsylvania, but to date has not received a decision from that court.[11]

Following review of the complaint, as required by 28 U.S.C. § 1915A(a),[12] it appears that Roland has already attempted (unsuccessfully) to litigate the same claims in state court, and therefore those claims are barred by claim preclusion.

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[13] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[8]   *Id.* at 12.
[9]   *Id.*
[10]  *Id.*
[11]  *Id.*
[12]  Although Roland is no longer incarcerated, when he filed his complaint, he was imprisoned at SCI Phoenix. *See* Doc. 1 at 3. Thus, Section 1915A applies. *See* 28 U.S.C. § 1915A(a).
[13]  *See* 28 U.S.C. § 1915A(a).

3

upon which relief may be granted[.]"[14]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[15]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[16]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[17]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[18]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[19]  At step one, the court must "tak[e] note of the elements [the]

---

[14] *Id.* § 1915A(b)(1).
[15] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[16] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[17] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[18] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[19] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[20]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[21]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[22]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23]

Because Roland proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[24]

### III.  DISCUSSION

Claim preclusion requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[25]  These elements appear to be satisfied here.

Roland alleges that his state-court lawsuit was dismissed on preliminary objections in the nature of a demurrer.[26]  Such a dismissal is akin to dismissal for

---

[20]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[21]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[22]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[23]  *Iqbal*, 556 U.S. at 681.
[24]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[25]  *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021) (citation omitted).
[26]  *See* Doc. 1 at 12; PA. R. CIV. P. 1028(a)(4) (preliminary objection on the ground of "legal insufficiency of pleading (demurrer)").

failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)[27] and constitutes a final judgment on the merits.[28]  Roland alleges that he appealed to the Commonwealth Court of Pennsylvania.  However, according to the publicly available docket, that appeal was quashed in April 2025 because Roland had improperly appealed the dismissal of his motion for reconsideration rather than a final appealable order (such as the trial court's November 1, 2024 dismissal of his lawsuit).[29]

Roland's state-court lawsuit also targeted many of the same Wayne County entities and officials.  Although his earlier lawsuit did not include defendants Paul Soccodato, Sergeant Huffman, or Acting Sergeant Jaycox, that discrepancy is likely immaterial.  Any identical claim that was previously adjudicated on the merits and which is later reasserted against closely related new defendants (here,

---

[27] *See Arena v. McShane*, 150 F. App'x 165, 167-68 (3d Cir. 2005) (nonprecedential) ("A Pennsylvania demurrer is nearly identical to the federal 12(b)(6) motion to dismiss for failure to state a claim." (citing *Huntley v. City of Johnstown*, No. CIV.A. 03-59J, 2004 WL 627157, at *8 (W.D. Pa. Mar. 12, 2004) ("[C]omment d of § 27 [of the Restatement (Second) of Judgments] clearly provides that a matter is actually litigated on motions to dismiss for failure to state a claim, which is in the nature of a demurrer in state court."); *In re Luongo*, 823 A.2d 942, 961 (Pa. Super. Ct. 2003) ("A demurrer is a preliminary objection that the pleading fails to set forth a cause of action upon which relief can be granted under any theory of law." (internal quotation marks omitted)); *Thomas v. Holtz*, 707 A.2d 569, 570 (Pa. Commw. Ct. 1998) (describing 12(b)(6) motion as "[s]imilar to a demurrer under Pennsylvania's rules"))).

[28] *See Fairbank's Cap. Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007) (noting that "dismissal 'with prejudice' is treated as an adjudication of the merits and thus has preclusive effect" (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972))).

[29] *See Roland v. Wayne Cnty. Prison*, No. 422 CD 2025 (Pa. Commw. Ct.).

Soccodato, Huffman, and Jaycox) is likely barred by nonmutual claim preclusion and application of *Bruszewski v. United States*, 181 F.2d 419 (3d Cir. 1950).[30]

Finally, as Roland himself admits, his state-court lawsuit concerned "the same facts involved in this action."[31] It is therefore likely that Roland raised the same causes of action in his state-court proceeding.

Accordingly, it appears that Roland's duplicative federal lawsuit likely meets the elements for claim preclusion and is barred by *res judicata*. If so, dismissal of the instant civil action would therefore be appropriate under 28 U.S.C. § 1915A(b)(1) as frivolous and malicious[32] in addition to failing to state a claim upon which relief may be granted.

Nevertheless, to err on the side of caution, the Court will provide Roland an opportunity to show cause as to why his federal lawsuit should not be dismissed as barred by claim preclusion. If Roland believes that claim preclusion does not

---

[30] *See Gambocz*, 468 F.2d at 840-42 (concluding that second lawsuit asserting identical cause of action but adding several new but closely related defendants was barred by *res judicata* and *Bruszewski* doctrine); *Bruszewski*, 181 F.2d at 422; *see also* 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4464.1, at 702 (3d ed. 2017) (concluding that one "cogent argument in favor of nonmutual claim preclusion is that the party to be precluded should have joined his new adversary in the original litigation").

[31] Doc. 1 at 12.

[32] *See Washington v. Gilmore*, 825 F. App'x 58, 60 n.2 (3d Cir. 2020) (nonprecedential) (citing *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (per curiam); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks and alterations omitted)).

apply to his federal lawsuit, he should address the elements stated herein and explain why his federal lawsuit is not precluded as previously litigated during his state-court proceedings.

## IV. CONCLUSION

Based on the foregoing, the Court will require Roland to show cause as to why his complaint should not be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i), as it appears from the face of his complaint that he has already litigated the same claims in state court. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge