IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WAYNE ROLAND, | No. 4:25-CV-01307 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WAYNE COUNTY PRISON, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 8, 2025

Plaintiff Daniel Wayne Roland filed the instant *pro se* civil rights lawsuit under Section 1983,[1] claiming that officials at Wayne County Prison violated his constitutional rights. The Court will dismiss Roland's complaint and provide him limited leave to amend.

I.  BACKGROUND

Roland lodged his complaint in July 2025 while incarcerated at SCI Phoenix, eventually paying the initial partial filing fee approximately one month later.[2] It appears that Roland is no longer incarcerated and currently resides in Lemoyne, Pennsylvania.[3]

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2]  *See* Doc. 1.
[3]  *See* Doc. 9; Doc. 12 at 5.

Roland alleges that, beginning in January 2024 and continuing through March of that year, his constitutional rights were violated by various Wayne County Prison officials. He first asserts that on two occasions in January, he was issued misconducts for "minor" offenses and that his Fourteenth Amendment procedural due process rights were infringed during the prison disciplinary proceedings for both misconducts.[4] He further alleges that the conditions he endured during his disciplinary segregation violated his Eighth Amendment right to be free from cruel and unusual punishments.[5] Finally, Roland claims that unspecified prison officials failed to protect him from an inmate assault in March 2024, also in violation of the Eighth Amendment, before transferring him to Luzerne County Prison.[6]

Roland sues the following eight defendants: Wayne County Prison, Wayne County Prison Board, Warden Randall Williams, Deputy Warden John Masco, Lieutenant Paul Soccodato, Sergeant Huffman, Acting Sergeant Jaycox, and Correctional Officer Carney.[7] He seeks compensatory and punitive damages, as well as a declaration that his constitutional rights were violated.[8]

---

[4]   Doc. 1 at 4-5.
[5]   *Id.* at 6-7.
[6]   *Id.* at 7-8.
[7]   *Id.* at 2-3.
[8]   *Id.* at 10-11.

He additionally asserts that he "filed a lawsuit in the state courts dealing with the same facts involved in this action" in August 2024.[9] He recounts that he sued Wayne County Prison, Wayne County Prison Board, Warden Randall Williams, Deputy Warden John Masco, Lieutenant Dixon, and Correctional Officer Carney in the Court of Common Pleas of Wayne County, Pennsylvania, at docket number 419-CV-2024.[10] He further states that the case was dismissed on November 1, 2024, based on Defendants' preliminary objections in the nature of a demurrer.[11]

Following review of the complaint, as required by 28 U.S.C. § 1915A(a),[12] the Court finds that Roland fails to state a claim upon which relief may be granted. The Court will therefore dismiss the complaint but grant leave to amend.

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[13] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[14] This language closely tracks Federal Rule

---

[9] *Id.* at 12.
[10] *Id.*
[11] *Id.*
[12] Although Roland is no longer incarcerated, when he filed his complaint, he was imprisoned at SCI Phoenix. *See* Doc. 1 at 3. Thus, Section 1915A applies. *See* 28 U.S.C. § 1915A(a). Review of the complaint is also appropriate under 28 U.S.C. § 1915(e), as Roland is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).
[13] *See* 28 U.S.C. § 1915A(a).
[14] *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[15]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[16] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[17] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[18]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[19] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[20] Second, the court should distinguish well-

---

[15] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[16] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[17] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[18] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[19] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[20] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[21] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[22] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23]

Because Roland proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[24]

## III.  DISCUSSION

As best as the Court can discern, Roland is asserting a procedural due process claim under the Fourteenth Amendment, a conditions-of-confinement claim under the Eighth Amendment, and a failure-to-protect claim under the Eighth Amendment.  It is nearly impossible to determine which claims target which Defendants.  However, the Court need not ascertain which Defendants are connected to the various claims because each Section 1983 claim is insufficiently pled.  The Court will address Roland's numerous pleading deficiencies in turn.

---

[21]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[22]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[23]  *Iqbal*, 556 U.S. at 681.
[24]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

A.      **"Person" for Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[25] Only "persons" are subject to suit under Section 1983, and entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[26]

Under this well-settled law, any Section 1983 claim against defendants Wayne County Prison and Wayne County Prison Board must be dismissed, as these county entities are not persons subject to Section 1983 liability. Moreover, Roland does not allege an unconstitutional policy or custom by either entity such that a Section 1983 suit could be maintained against it through its connection with the municipal government.[27] Thus, both Wayne County Prison and Wayne County Prison Board will be dismissed for failure to state a claim.

---

[25] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[26] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

[27] *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

### B. Official Capacity Claims

Roland sues all Defendants in their individual and official capacities.[28] Suing the individual Defendants in their official capacities is akin to suing the municipality—Wayne County—itself.[29] To assert a Section 1983 claim against Wayne County by way of an official capacity claim against a county official, Roland must identify a policy or custom fairly attributable to the municipality that caused him constitutional injury.[30] He must also plausibly plead facts showing that each Defendant is a decisionmaker endowed with authority to promulgate or establish an official custom or policy.[31] Roland has done neither, so any official capacity claims must also be dismissed for failure to state a claim.

### C. Fourteenth Amendment Procedural Due Process

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide

---

[28] *See* Doc. 1 at 1-2.
[29] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978).
[30] *Id.* at 690-91.
[31] *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (explaining that a decision to adopt a particular course of action made by the "government's *authorized decisionmakers*" represents an act of official government policy (emphasis added)); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (noting that plaintiff failed to "allege conduct by a municipal decisionmaker" in his attempt to assert municipal Section 1983 liability).

'due process of law.'"[32]  If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end.[33]

The gravamen of Roland's due process claim is that he was charged with two minor misconducts in January 2024, placed into segregated housing before being found guilty of the offenses, and ultimately given ten days' disciplinary custody as a punishment for each offense.[34]  He further complains that he was provided with a copy of the misconduct report for his first infraction a day late and that he was not afforded witnesses during the second misconduct hearing.[35]  Roland cannot state a procedural due process claim because he has not identified a protected interest that is at stake.

Roland's claim does not implicate "life" or "property," so by process of elimination he must be relying on a liberty interest for his due process claim.  However, the Supreme Court of the United States has held that disciplinary segregation alone—under conditions that mirror those "imposed upon inmates in administrative segregation and protective custody"—generally does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it implicates a protected liberty interest under the

---

[32] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).
[33] *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hill*, 455 F.3d at 234-35.
[34] *See* Doc. 1 at 4-5.
[35] *See id.*

8

Fourteenth Amendment.[36] And the United States Court of Appeals for the Third Circuit has repeatedly held that disciplinary segregation for periods much longer than that which Roland experienced does not rise to the level of an atypical and significant hardship.[37] Therefore, because Roland has not identified, and cannot identify, a protected liberty interest that is at stake for his Fourteenth Amendment procedural due process claims, the analysis is at an end. This is true regardless of the process (or alleged lack thereof) utilized by Wayne County Prison officials during the disciplinary proceedings. Accordingly, Roland's procedural due process claims must be dismissed.

### D. Eighth Amendment Conditions of Confinement

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[38] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[39]

---

[36] *Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995).
[37] *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months); *Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002) (135 days); *Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months); *Dunbar v. Barone*, 487 F. App'x 721, 725 (540 days).
[38] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
[39] *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[40] Objectively, the inmate must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[41] "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they [were] 'incarcerated under conditions posing a substantial risk of serious harm.'"[42]

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[43] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[44] Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[45]

Roland's conditions-of-confinement claim fails at both prongs. Objectively, he has not alleged a sufficiently serious deprivation. Roland avers that, during his

---

[40] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)
[41] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[42] *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2023) (quoting *Farmer*, 511 U.S. at 834).
[43] *Chavarriaga*, 806 F.3d at 226 (citing *Farmer*, 511 U.S. at 834).
[44] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[45] *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).

ten-day stints in disciplinary segregation, he could not participate in regular recreation or religious services, was served "2 cold cut sandwiches and sometimes a juice for his meals 3 times a day," could not move unrestrained throughout the prison, did not have normal access to the law library, and had his phone and tablet usage limited to one hour per week.[46] These minor inconveniences, whether considered alone or together, do not constitute a sufficiently serious deprivation of life's necessities.

As to the subjective prong, Roland likewise fails to plausibly plead deliberate indifference by any Defendant. Nowhere in his complaint does he allege that he raised the at-issue conditions of confinement to a specific Defendant and that Defendant was recklessly indifferent toward a substantial risk of harm to Roland's health or safety. Although Roland indicates that he informed Williams, Masco, and Soccodato about the due process issues with the disciplinary proceedings and "the housing of mentally unstable inmates in general population,"[47] he does not allege that he informed any named Defendant about the purportedly unconstitutional conditions of confinement that he experienced while housed in disciplinary segregation.

Even if he had, the conditions about which Roland complains do not rise to the level of an Eighth Amendment violation, so a Defendant's failure to address

---

[46] *See* Doc. 1 at 6-7.
[47] *Id.* at 9.

the purported condition (or conditions) would not subject Roland to a substantial risk of harm or deprive him of one of life's necessities. Therefore, Roland's conditions-of-confinement claim is fatally flawed and must be dismissed under Section 1915A(b)(1) and Section 1915(e)(2)(B)(ii) for failure to state a claim.

### E.  Eighth Amendment Failure to Protect

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."[48] Prison officials, therefore, have "a duty to protect prisoners from violence at the hands of other prisoners."[49] However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."[50]

To plead an Eighth Amendment failure-to-protect claim against a prison official, the inmate must plausibly allege that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[51] In this context, deliberate indifference is a subjective standard; that is, "the prison official-

---

[48] *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).
[49] *Id.* (alteration in original) (quoting *Farmer*, 511 U.S. at 833).
[50] *Farmer*, 511 U.S. at 834.
[51] *Bistrian*, 696 F.3d at 367.

defendant must actually have known or been aware of the excessive risk to inmate safety."[52] Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."[53]

In his final claim, Roland alleges that on March 1, 2024, he was attacked from behind without warning by inmate Michael Casabianca, who had a well-known history of mental health and behavior issues.[54] He claims that he was struck "about 6 times" in the head and face area, causing injuries to his jaw and teeth.[55] According to Roland, both he and Michael Casabianca's incarcerated father, Anthony Casabianca, had previously "begged and pleaded with staff to remove Michael from the general population unit."[56]

Roland's failure-to-protect claim is deficient because he does not plausibly allege that any named Defendant was subjectively aware of the risk to Roland posed by Michael Casabianca, acted with deliberate indifference to that risk, and thereby caused Roland's harm. Although Roland repeatedly asserts that unspecified "staff" were aware of Michael Casabianca's mental health and behavior issues, he does not allege that any named Defendant was subjectively

---

[52] *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
[53] *Id.* (quoting *Farmer*, 511 U.S. at 842).
[54] Doc. 1 at 7.
[55] *Id.* at 7
[56] *Id.*

aware of a risk of Roland being attacked by Michael Casabianca and acted with deliberate indifference toward that risk, causing Roland's injuries. Thus, as it stands, Roland's complaint fails to state an Eighth Amendment failure-to-protect claim against any named Defendant.

### F.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[57] The Court will grant Roland limited leave to amend in the event that he can plead additional facts that would plausibly state an Eighth Amendment failure-to-protect claim against a named Defendant.

Roland's procedural due process and conditions-of-confinement claims, on the other hand, will be dismissed with prejudice. As thoroughly explained above, Roland's allegations do not and cannot plausibly state either a Fourteenth Amendment due process claim or an Eighth Amendment conditions-of-confinement claim, so granting leave to amend those claims would be futile.

If Roland chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his claim or claims in short, concise, and plain statements and in sequentially

---

[57] *Grayson*, 293 F.3d at 114.

numbered paragraphs, and must address the deficiencies identified herein. Roland may not include claims that have been dismissed with prejudice in his amended pleading. Furthermore, he must name appropriate defendants and specify the offending action(s) taken by a particular defendant. This step is critical for Roland, as his complaint often fails to establish how each Defendant was involved in the alleged constitutional misconduct.

If Roland does not timely file an amended complaint, any dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case. If Roland files an amended complaint that fails to comply with the specific directions provided above, the Court will summarily strike any such inappropriate pleading from the record.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss Roland's complaint pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Limited leave to amend will be provided. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge