**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DANIEL WAYNE ROLAND,

       Plaintiff,

     v.

WAYNE COUNTY PRISON, *et al.*,

       Defendants.

No. 4:25-CV-01307

(Chief Judge Brann)

**MEMORANDUM OPINION**

**FEBRUARY 24, 2026**

Plaintiff Daniel Wayne Roland filed the instant *pro se* civil rights lawsuit under Section 1983,[1] claiming that officials at Wayne County Correctional Facility violated his constitutional rights. After dismissal of his initial complaint, Roland filed an amended pleading. For the following reasons, the Court will dismiss in part Roland's amended complaint.

## I. BACKGROUND

Roland lodged his initial complaint in July 2025 while incarcerated at SCI Phoenix, eventually paying the initial partial filing fee approximately one month

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

later.[2]  It appears that Roland is no longer incarcerated and currently resides in Lemoyne, Pennsylvania.[3]

Roland initially alleged Section 1983 claims sounding in Fourteenth Amendment procedural due process, Eighth Amendment conditions of confinement, and Eighth Amendment failure to protect.[4]  He named the following eight defendants: Wayne County Prison, Wayne County Prison Board, Warden Williams, Deputy Warden John Masco, Lieutenant Paul Soccodoto, Sergeant Huffman, Acting Sergeant Jaycox, and Correctional Officer Carney.[5]

The Court screened the complaint as required under 28 U.S.C. § 1915A(a).[6]  All claims were dismissed for failure to state a claim, and Roland was given limited leave to amend.[7]  Roland timely filed an amended complaint,[8] which is now the operative pleading.

## II.     STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case or claim "at any time if the court determines that . . . the action . . .

---

[2]   *See* Doc. 1.
[3]   *See* Doc. 9; Doc. 12 at 5.
[4]   *See generally* Doc. 1.
[5]   *Id.* at 2-3.
[6]   Although Roland is no longer incarcerated, when he filed his complaint, he was imprisoned at SCI Phoenix. *See* Doc. 1 at 3.  Thus, Section 1915A applied at initial screening. *See* 28 U.S.C. § 1915A(a).  Review of the complaint was also appropriate under 28 U.S.C. § 1915(e), as Roland is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).
[7]   *See generally* Docs. 14, 15.
[8]   Doc. 16.

fails to state a claim upon which relief may be granted[.]"[9]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[10]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[11]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[12]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[13]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[14]  At step one, the court must "tak[e] note of the elements [the]

---

[9]   28 U.S.C. § 1915(e)(2)(B)(ii).
[10]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[11]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[12]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[13]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[14]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[15]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[16]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[17]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

Because Roland proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[19]

## III.  DISCUSSION

In his amended complaint, Roland asserts a failure-to-protect claim under the Eighth Amendment against the following defendants: Wayne County Correctional Facility, Warden Randal Williams, Deputy Warden John Masco, Lieutenant Paul Soccodoto, Acting Sergeant Scott Jaycox, and Correctional Officer Walker Carney.[20]  Roland generally provides well-pleaded allegations, but several

---

[15]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[16]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[17]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[18]  *Iqbal*, 556 U.S. at 681.
[19]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[20]  *See generally* Doc. 16; *id.* ¶¶ 2-7.

of his claims are still insufficient.  The Court will address Roland's pleading

deficiencies in turn.

### A.    "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by *a person* acting under

color of state law."[21]  Only "persons" are subject to suit under Section 1983, and

entities such as prisons, medical departments, or private medical companies

generally do not qualify as "persons" for purposes of Section 1983.[22]

Under this well-settled law, any Section 1983 claim against Wayne County

Correctional Facility must be dismissed, as this county prison is not a person

subject to Section 1983 liability.  Moreover, Roland does not allege an

unconstitutional policy or custom by this entity such that a Section 1983 suit could

---

[21] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[22] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

be maintained against it through its connection with the municipal government.[23]

Thus, Wayne County Correctional Facility will be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### B.      Eighth Amendment Failure to Protect

"Being violently assaulted in prison is simply not part of the penalty that

criminal offenders pay for their offenses against society."[24]  Prison officials,

therefore, have "a duty to protect prisoners from violence at the hands of other

prisoners."[25]  However, not "every injury suffered by one prisoner at the hands of

another . . . translates into constitutional liability for prison officials responsible for

the victim's safety."[26]

To plead an Eighth Amendment failure-to-protect claim against a prison

official, the inmate must plausibly allege that "(1) he was incarcerated under

conditions posing a substantial risk of serious harm, (2) the official was

deliberately indifferent to that substantial risk to [the prisoner's] health and safety,

and (3) the official's deliberate indifference caused [the prisoner] harm."[27]  In this

context, deliberate indifference is a subjective standard; that is, "the prison official-

defendant must actually have known or been aware of the excessive risk to inmate

---

[23]  *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

[24]  *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[25]  *Id.* (alteration in original) (quoting *Farmer*, 511 U.S. at 833).

[26]  *Farmer*, 511 U.S. at 834.

[27]  *Bistrian*, 696 F.3d at 367.

safety."[28]   Actual knowledge or awareness of a substantial risk to an inmate's

safety can be proven "in the usual ways, including inference from circumstantial

evidence."[29]

Roland alleges that on March 1, 2024, he was attacked by inmate Michael

Casabianca, who had a well-known history of mental health and behavior issues.[30]

He alleges that he sustained serious injuries to his jaw and teeth, with a surgical

quote of $30,000 to repair the damage.[31]

Roland's amended complaint plausibly states a failure-to-protect claim

against Warden Williams, Deputy Warden Masco, and Lieutenant Soccodoto.  He

alleges that he and other prisoners repeatedly alerted these prison officials to the

danger posed by Michael Casabianca, that they were actually aware of the risk

posed by this inmate, and that they failed to take any action to prevent the March 1

assault.[32]

Roland's failure-to-protect claims against Acting Sergeant Jaycox and

Correctional Officer Carney fall short.  Roland alleges that on the day of the

assault, he was "left in the day room" by Carney, "instead of being secured

according to established prison policy."[33]  This single allegation fails to show that

---

[28]   *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
[29]   *Id.* (quoting *Farmer*, 511 U.S. at 842).
[30]   *See* Doc. 1 at 7; Doc. 16 ¶¶ 11, 24, 26.
[31]   *See* Doc. 16 ¶¶ 26-28.
[32]   *See id.* ¶¶ 11-23.
[33]   *Id.* ¶ 24.

Carney was subjectively aware of the danger posed by Casabianca to Roland, or that Carney acted with deliberate indifference to that danger. At most, Roland's allegation against Carney sounds in negligence, which does not rise to the level of a constitutional violation.

Roland next alleges that Acting Sergeant Jaycox was the "supervising sergeant" and "failed to ensure that CO Carney followed proper security protocols, contributing to the unsafe environment."[34] This allegation, too, is insufficient to plead a failure-to-protect claim. Again, it does not show that Jaycox knew of the danger posed by Casabianca to Roland, nor does it show that Jaycox acted with deliberate indifference toward that danger. Additionally, Roland's single allegation against Jaycox attempts to assert *respondeat superior* liability (or vicarious liability) for the actions of Carney, which liability does not exist for Section 1983 claims.[35]

Roland's failure-to-protect claims against Carney and Jaycox, therefore, will be dismissed under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. His Eighth Amendment claims against Williams, Masco, and Soccodoto may go forward.

---

[34] *Id.* ¶ 25.
[35] *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

### C.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[36]  Further leave to amend will be denied because Roland has failed to cure the deficiencies with his pleadings even after "amendments previously allowed."[37]  This case, therefore, will continue only as to Roland's Eighth Amendment failure-to-protect claims against defendants Williams, Masco, and Soccodoto.

## IV.    CONCLUSION

Based on the foregoing, the Court will dismiss in part Roland's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36]  *Grayson*, 293 F.3d at 114.

[37]  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").