**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL WAYNE ROLAND, | No. 4:25-CV-01307 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WAYNE COUNTY PRISON, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**JULY 14, 2026**

Daniel Wayne Roland lodged the instant *pro se*, *in forma pauperis* Section 1983[1] lawsuit in July 2025 while incarcerated at SCI Phoenix. He alleged that officials at Wayne County Correctional Facility had violated his constitutional rights.

On February 24, 2026, following screening by the Court, Roland's claims were narrowed to Eighth Amendment failure to protect against defendants Warden Randal Williams, Deputy Warden John Masco, and Lieutenant Paul Soccodato.[2]

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]  *See* Doc. 20 ¶ 2. Although Roland spells the last name of the lieutenant defendant "Soccodoto," (*see* Doc. 16 ¶ 5), it appears from publicly available documents that the defendant's last name is spelled "Soccodato." *See, e.g.*, WAYNE CNTY., PA., https://waynecountypa.gov/AgendaCenter/ViewFile/Agenda/_02022023-536 (last viewed July 9, 2026).

The Clerk of Court, as directed, mailed copies of the amended complaint and Federal Rule of Civil Procedure 4(d) waiver-of-service forms to Williams, Masco, and Soccodato at the Wayne County Correctional Facility.[3]  However, none of the defendants waived service of process under Rule 4(d).

Accordingly, on April 3, 2026, the Court ordered service of process by the United States Marshals Service.[4]  On April 21, 2026, the United States Marshals Service docketed its "process receipt and return," indicating that service had been effectuated on Williams, Masco, and Soccodato at Wayne County Correctional Facility by personally serving "Lt. Rivardo" on April 20, 2026.[5]

Despite apparent service by the United States Marshal on April 20, 2026, none of the defendants filed a response to Roland's lawsuit.  Thus, on May 13, 2026, Roland sought entry of default under Federal Rule of Civil Procedure 55(a).[6]  On May 18, 2026, the Clerk of Court entered default against Williams, Masco, and Soccodato for failure to answer, plead, or otherwise respond to the complaint.[7]

Approximately two weeks later, Roland moved for default judgment.[8]  That motion is presently pending before the Court.  However, because entry of default was not appropriate in this case, the Court will strike the entry of default, dismiss

---

[3]    *See id.* ¶ 4; Doc. 21.
[4]    *See* Doc. 22.
[5]    *See* Doc. 24.
[6]    Doc. 25.
[7]    Doc. 26.
[8]    Doc. 27.

without prejudice Roland's motion for default judgment, and order Williams, Masco, and Soccodato to reply to the instant lawsuit.

Section 1997e(g) of Title 42 of the United States Code provides:

(1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal Law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint.  No relief shall be granted to the plaintiff unless a reply has been filed.

(2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.[9]

Pursuant to the plain language of Section 1997e(g)(1), courts have consistently held that this provision bars a prisoner-plaintiff from obtaining entry of default when no response to a Section 1983 lawsuit has been filed, because the defendants have no obligation to reply to the complaint.[10]  However, a defendant can be defaulted for failing to comply with a court order that directs him or her to respond to a prisoner's complaint.[11]

Therefore, because the entry of default was inappropriate in this case, the Court will strike that default.  Nevertheless, because the Court finds that Roland

---

[9]    42 U.S.C. § 1997e(g).

[10]    *See Kendrick v. Hann*, No. 1:19-cv-1642, 2020 WL 1531234, at *2 (M.D. Pa. Mar. 31, 2020) (quoting *Steele v. Wetzel*, No. 14-cv-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015) (collecting cases), *report and recommendation adopted*, 2015 WL 7734103 (E.D. Pa. Nov. 30, 2015).

[11]    *See id.*; 42 U.S.C. § 1997e(g)(2).

3

"has a reasonable opportunity to prevail on the merits" of his Section 1983 case, the Court will order Defendants to reply to the instant lawsuit.[12]  Should Defendants once again fail to respond to Roland's federal civil rights action within the time allotted, he may renew his application for entry of default.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1.  Within **21 days** from the date of this Order, defendants Warden Randal Williams, Deputy Warden John Masco, and Lieutenant Paul Soccodato must reply to Plaintiff's lawsuit pursuant to 42 U.S.C. § 1997e(g)(2).

2.  The entry of default (Doc. 26) against Williams, Masco, and Soccodato is **STRICKEN** from the docket.

3.  Roland's motion for default judgment (Doc. 27) is **DISMISSED** without prejudice in light of paragraph 2 above.

4.  If Defendants do not plead or otherwise defend within the time set forth in paragraph 1 above, Roland may renew his application for entry of default.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[12]  *See* 42 U.S.C. § 1997e(g)(2).